[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The exceptor-appellant, Mark Glassmeyer, appeals from the order of the probate court overruling his exceptions to the inventory of the estate of his late mother, Elizabeth F. Blout. The exceptions concerned jewelry that Glassmeyer felt should have been included in the inventory, but which the executor determined had been earlier given by Blout as inter vivos gifts to her daughters. In his three assignments of error, Glassmeyer contends that the probate court erred by concluding that he had not presented a prima facie case for including the jewelry in the estate, by admitting hearsay evidence, and by finding that there was clear and convincing evidence that Blout had given the jewelry away prior to her death. For the reasons that follow, we affirm.
{¶ 3} In his first assignment of error, Glassmeyer contends that the probate court erred by finding that he had not satisfied his burden of presenting a prima facie case that the jewelry should have been included in the inventory. See In re Estate of Fife (1956),164 Ohio St. 449, 132 N.E.2d 185. Further, in his third assignment of error, Glassmeyer argues that the executor failed to present clear and convincing evidence to rebut his prima facie case that the jewelry was part of the estate. See Bolles v. Toledo Trust Co. v. Executor (1936),132 Ohio St.2d 21, 4 N.E.2d 917, paragraph two of the syllabus. Upon review of the record, however, we agree with the probate court's conclusion that Glassmeyer presented "little but speculation and conjecture" to support his exceptions, and that the fact of the gifts was well proven.
{¶ 4} According to the evidence presented by the executor, Blout had given what was referred to by the probate court as the "old jewelry," which had significant value (approximately $300,000), to her daughters on July 20, 1990. The daughters placed the jewelry in safe-deposit boxes for storage, allowing their mother access to the boxes until 1997. (The daughters testified that access was given primarily to allow Blout to retrieve the jewelry during business hours for evenings that the daughters planned to wear an item, and for occasions when she wanted to borrow the jewelry for herself.) The second collection of jewelry, which was not significantly valuable (Glassmeyer has himself referred to this collection as a "motley assortment"), had purportedly been given to the daughters shortly before Blout died on May 17, 2000.
{¶ 5} The primary basis of Glassmeyer's claim that the jewelry was part of the estate was his ignorance of the fact that his mother had given the jewelry to his sisters. (Another son testified that he was well aware of the gift and had always known of his mother's expressed intention that the daughters should have the jewelry.) Merely because Glassmeyer remembered the jewelry as belonging to his mother, however, did not constitute positive evidence that she was still the owner at the time of her death. Although Glassmeyer also relies upon language in his mother's will devising "my jewelry" to her surviving issue, this general language would apply only to the testator's jewelry that she still owned at the time of her death. Further, although the will also contained a provision indicating that Blout intended to later set forth precatory dispositions of her personal property in future memoranda, such memoranda would, again, have applied only to jewelry that was part of the estate.
{¶ 6} Finally, Glassmeyer argues that the fact that Blout had sought appraisals on the old jewelry after she had supposedly given the pieces to her daughters was evidence that she had maintained a degree of dominion over the jewelry that was inconsistent with a gift. There was no evidence, however, that these appraisals were made under circumstances evidencing a claim of ownership. Further, the federal gift tax returns cited by Glassmeyer as showing dates at odds with the gifts were explained by the executor as having been prepared after the fact, and as bearing dates that were deliberately spread out over a number of years for the purpose of maximizing use of the annual exclusion.
{¶ 7} Conversely, the executor presented the testimony of all three daughters and one of Blout's sons that the jewelry had been made the subject of inter vivos gifts. Also, the executor presented the corroborative testimony of Blout's caretaker, describing how Blout had given the jewelry away according to her stated wishes. Although Glassmeyer challenges the admissibility of the caretaker's testimony as hearsay with respect to what Blout had said to her regarding her intentions, we hold that such testimony was admissible under Evid.R. 804(B)(5). Finally, the executor presented certain writings that served to further corroborate Blout's intent to make gifts of the jewelry.
{¶ 8} Accordingly, we find no error in the proceedings or in the probate court's resolution of the issues. All three assignments of error are overruled, and the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, GORMAN and WINKLER, JJ.